UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEVIN MARCEL, Individually and as Independent Administrator of the Estate of Gary Marcel | CIVIL ACTION NO: 20-773 |
| VERSUS | JUDGE MICHAEL J. JUNEAU |
| SHELL OFFSHORE, INC., PALFINGER MARINE, USA, INC., AND ZURICH AMERICAN INSURANC COMPANY | MAG JUDGE WHITEHURST |

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S
RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
_____

MAY IT PLEASE THE COURT:

Plaintiff, Devin Marcel, Individually and as Independent Administrator of the Estate of Gary Marcel ("Plaintiff") who with respect files this response to Defendant Zurich American Insurance Company's ("Zurich") Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion should be denied.

I.   **INTRODUCTION**

This case was filed by Plaintiff due to the death of his father, Gary Marcel. Gary Marcel, at the time an employee of Danos, Inc., died while participating in a lifeboat test on the offshore

platform Auger, which is owned/operated by defendant, Shell Offshore, Inc. ("Shell") and attached to the Outer Continental Shelf. Plaintiff filed this lawsuit naming three defendants: Shell Offshore, Inc. ("Shell"), Palfinger Marine USA, Inc. ("Palfinger"), and Zurich American Insurance Company ("Zurich in its capacity as insurer") (Rec. Doc. 1). The original complaint only named Zurich in its capacity as the insurer of Palfinger. After Shell filed an answer (Rec. Doc. 3), and before any other defendant did, Plaintiff amended his complaint to add direct negligence claims against Zurich American Insurance Company in its capacity as inspector ("Zurich in its capacity as inspector") (Rec. Doc. 9). It is these claims that Zurich (as inspector) now seeks to have dismissed. The Court should decline to do so at this early stage of litigation, as Plaintiff has pled facts and claims which could allow him to recover damages from Zurich in its capacity as inspector for its direct negligence.

## II.   FACTS AND BACKGROUND

On June 30, 2019, Gary Marcel was working as an employee of Danos, Inc. on the Shell Auger, a tension leg platform located on the Outer Continental Shelf off the coast of Louisiana in the Gulf of Mexico. During a lifeboat safety exercise/test with Lifeboat 6, the cables, hooks, davits, davit systems, or other mechanisms of the lifeboat failed/malfunctioned in several respects, resulting in the lifeboat breaking loose and falling over seventy (70) feet into the Gulf of Mexico. Upon information and belief, the lifeboat, its cables, securing hooks, and davits were manufactured by Schat-Harding, now Palfinger. As a result of this accident and the injuries sustained, Gary Marcel died while in route to receive medical treatment.

Plaintiff initially brought claims against Palfinger, Shell and Zurich in its capacity as insurer, arguing they were negligent in several respects including, but not limited to, failing to adequately inspect and replace the defective hooks, cables, and davits.    Plaintiff brought these

claims against all defendants under Louisiana law, General Maritime Law, and the Longshore and Harbor Workers Compensation Act.

The subject of this motion is the claim brought by Plaintiff in his First Supplemental and Amending Petition (Rec. Doc. 9). Plaintiff alleges in this First Supplemental and Amending Complaint that Zurich conducted an inspection or commissioned another party to conduct an inspection on its behalf that uncovered the defective conditions that lead to Mr. Marcel's death. Therefore, it is proper to bring direct negligence claims against Zurich as an inspector. Plaintiff became aware of this possible claim via oral representations, but Plaintiff has had no opportunity to perform discovery since an answer by Zurich as Palfinger's insurer was just filed on September 25, 2020. For the purposes of a 12 (b)(6) motion, the Court should accept the Plaintiff's contentions as true and in the light most favorable to the plaintiff. Plaintiff has discovered that Zurich is involved in inspections and has an inspections division. Documents supporting this finding are attached as Exhibit 1.

### III.  LAW AND ARGUMENT

#### A. FRCP 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim for which relief can be granted. Such a motion is rarely grated because it is viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)(quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045, 1050 (5th Cir. 1982). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Aschcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In deciding on a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)(citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Plaintiff's claim is facially plausible in this case. The claimant has brought claims under Louisiana law as surrogate federal law per the Outer Continental Shelf Lands Act, 43 U.S.C. 1331 et. seq. In addition, Plaintiff has brought claims under General Maritime Law and the Longshore and Harbor Workers' Compensation Act. Zurich's 12(b)(6) Motion to Dismiss does not attempt to parse which law should apply in this case. It is Plaintiff's contention that no matter which law applies, Plaintiff has a claim against Zurich for negligent inspection if Zurich or someone on its behalf conducted an inspection, discovered a defective condition, and did nothing about it.

**B. Plaintiff's Claim for Negligent Inspection**

If Zurich inspected the cables, hooks, davits, davit systems, or other mechanisms of the lifeboat, and failed to determine they were faulty, Plaintiff has a cause of action for direct negligence against Zurich. If Zurich inspected, cables, hooks, davits, davit systems, or other mechanisms of the lifeboat, and determined they were faulty, Plaintiff has a cause of action for direct negligence against Zurich.

Plaintiff has alleged that Louisiana law applies to this case as surrogate federal law via the Outer Continental Shelf Lands Act. Under LSA-C.C. Art. 2315(A): "Every act whatever of man

that causes damage to another obliges him by whose fault it happened to repair it." Therefore, anytime a person does anything that may affect the health or welfare of others, he owes a duty to those he may harm to exercise reasonable and ordinary care to prevent harm.

A duty/risk analysis under La. Civ. Code Ann. art. 2315, consists of the following four-prong inquiry: (1) whether conduct in question was a substantial factor in bringing about the harm to the plaintiff, i.e., whether it was a cause-in-fact of the harm which occurred; (2) whether the defendant owed a duty to the plaintiff; (3) whether the duty was breached; and (4) whether the risk, and harm caused, were within the scope of protection afforded by the duty breached. *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065 (La. 2009). All four factors support the imposition of liability against Zurich as inspector in this case.

In *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1014 (La. 1993), the Louisiana Supreme Court held that there is a cause of action under Louisiana law for negligent misrepresentation due to a faulty inspection under Louisiana law. In *Barrie*, the court outlined four factors that must be considered when determining whether a duty exists to a third party for negligent misrepresentation due to a negligent inspection, as follows:

> First is whether the tortfeasor could expect that the plaintiffs would receive and rely upon the information. Second, is whether the plaintiffs are members of a limited group for whose benefit and guidance the report was contracted and supplied. Third, is whether the report is prepared in the context of a business transaction for which the alleged tortfeasor received compensation. Fourth, is whether extending tort liability would serve public policy. *Audler v. CBC Innois, Inc.* 519 F.3d 239, 250 (5th Cir. 2008).

The first factor weighs in factor of imposing a duty in this case. Mr. Marcel clearly relied upon inspections and safety reports in consenting to work on the platform and participate in the lifeboat test. The second factor weighs in factor of imposing a duty as well. Plaintiff, as a person

5

working on the platform and using the lifeboat, is a member of the limited group for whom any inspection report was contracted and supplied.

Any inspection was clearly prepared as part of a business transaction for which Zurich received compensation, as Zurich received insurance premiums from Palfinger. Finally, extending tort liability in this case would be good public policy. If an insurer or inspector determines there are problems with lifeboat cables the cables, hooks, davits, davit systems, or other mechanisms of a lifeboat on an offshore platform and that people could die, that insurer or inspector should refuse to issue insurance, alert the owner/insured, alert every government agency possible, and generally do everything possible to make sure someone does not use the equipment until it is fixed/corrected.

In *Lloyd's Syndicate 457 v. Am. Global Mar. Inc.*, 346 F. Supp. 3d 908 (S.D. Tex 2018), a federal district court applying Louisiana law to a dispute involving a offshore platform in the Gulf of Mexico applied *Barrie* and found an inspector did owe a duty under Louisiana law to a third party who relied upon the inspection even though there was no privity of contract between the plaintiff and the inspector. The same logic applies in this case.

There is clearly a wrongful death action for negligence under General Maritime Law if that law is found to apply. *National Shipbuilding & Drydock Corp v. Garris*, 532 U.S. 811, 150 L.Ed.2d 34 (2001). Further, the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 933(a), explicitly reserves all claims against third parties, such as an insurance inspector. *Id.* Therefore, no matter the law the Court determines applies, there is a cause of action against Zurich if it inspected the equipment, realized it was faulty and damaged, and did nothing.

**IV.   AMENDMENT**

If the Court finds that the Plaintiff has not pled its direct negligence claims against Zurich with enough particularity, the Court should grant Plaintiff leave to amend to state his claims more

definitely. The Fifth Circuit has held that a court should generally avoid dismissing a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Beyer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000).

If the Court grants Zurich's motion without granting Plaintiff leave to amend, this case will not be over. The claims against Shell and Palfinger will remain, and Zurich will remain in the case as insurer of Palfinger per the Louisiana Direct Action Statute. LSA–R.S. 22:1269. The Louisiana "Direct Action Statute affords a victim the right to sue the insurer directly when the liability policy covers a certain risk." *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 8/30/2013); 144 So. 3d 771, 780. Therefore, judicial economy does not weigh in favor of dismissing Plaintiff's direct negligence claims against Zurich at this stage without giving Plaintiff a chance to amend his pleadings.

## V.    CONCLUSION

For the above and foregoing reasons and arguments herein, Plaintiff argues that Zurich's 12 (b)(6) Motion to Dismiss should be denied and now with Zurich's answer as the insurer having been filed on September 25, 2020, the major defendants are now before this Honorable Court and appropriate discovery by and between the parties can begin. If, through discovery or admission, it is revealed Zurich did perform or cause to be performed an inspection, the plaintiff has pled a cause of action against Zurich as inspector. On the other hand, if Zurich as inspector is shown either through discovery or admission to not have done the inspection, the plaintiff will dismiss Zurich as inspector. In the alternative, if this Honorable Court feels that a more particular statement is needed, then plaintiff requests this Honorable Court order and grant leave to amend.

Respectfully submitted by:

/S/Hunt  Downer
HUNT DOWNER, T.A. (La. Bar #05046)
JOSEPH L. WAITZ, JR. (La. Bar #17848)
MARY W. RIVIERE (La. Bar #19201)
DAVID C. PELLEGRIN (La. Bar #34957)
JOSEPH L. WAITZ, III (La. Bar #36069)
WAITZ AND DOWNER
423 Goode Street
Houma, LA 70360
Telephone: 985-876-0870
Facsimile: 985-876-0213
Attorneys for Plaintiff